ROMAN CATHOLIC DIOCESE OF NEWARK, PROSECUTOR, v. JOHN J. McGOVERN AND STATE HIGHWAY COMMISSION, DEFENDANTS.

Decided June 16, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *John Milton.*

For the state highway commission, *Edward L. Katzenbach* and *Mark A. Sullivan.*

PER CURIAM.

The prosecutor ownes and possesses a tract of land five thousand two hundred feet in depth, extending from its cemetery lands in use on the westerly slope of Bergen Hill, in Jersey City, to the easterly shore of the Hackensack river, which it insists it owns and possesses for future cemetery use. To render the site suitable for that purpose will require earth filling to a depth of nine feet, since the land is of a meadow character, over which the tides ebb and filow.

Across this tract, running from north to south, the state highway commission designs to carry the vast road improvement undertaken by the state, having its easterly terminus at the New Jersey exit of the Holland vehicular tunnel under the Hudson river, and continuing westward to the Hackensack and Passaic rivers, where, after it leaves the connecting streets of intervening municipalities, it continues throughout the state into a diversified state road system, which extends its ramifications into the various sections of the state. This extensive work, obviously, has been undertaken by the state at great public expense by the creation of the defendant, the state highway commission, for the purpose.

The cemetery is incorporated, primarily, for public purposes under the general Cemetery act (1 *Comp. Stat., p.* 3750), which provides that through its lands where the same are "dedicated to the purposes of a cemetery" there shall not be constructed any street, road, avenue or thoroughfare "without the consent of the trustees of such association, except by special permission of the legislature of the state," and upon that legislative provision the contention of the prosecutor ultimately and mainly rests; while the state highway commission contends that there is nothing of record to indicate the ownership and dedication of the lands for cemetery uses, so as to bring the property within the contemplation of the legislation and the decisions specifically defining a cemetery

use. We do not find it necessary to determine that question, since conceding the fact of dedication we have concluded that the necessary permission of the legislature, required under the provisions of the Cemetery act, was in fact given by the provisions of chapter 319 of the laws of 1927. The title of that act indicates the establishment not of a mere local concession, which might be termed the creation of a subsidiary corporation, but indicates the establishment by the state of a distinct state highway system.

Under the provisions of this comprehensive scheme various routes of travel are specifically outlined, and along them in the eighteenth section, route number 25, provides its easterly terminus at Jersey City, and extends its course through that city, and through various intervening municipalities across the state, until it reaches the westerly terminus of the state at Bordentown, Burlington and Camden. This route was adopted by the state highway commission on January 4th, 1927, and contracts were executed prior thereto by the commission, providing for the filling in of the adjoining lands so as to connect them through the cemetery property with the Lincoln Highway, which forms the main artery of traved in conjunction with this route to the Hackensack and Passaic rivers. This general road construction was under way on March 30th, 1927, when the act in question was passed, so that it must have been within the legislative contemplation to enact a comprehensive scheme, providing for a continuous state road system from the exit of the Holland tunnel to the Delaware river along a direct line of travel, which could be made feasible only in the most practical and economical method, by connecting the Lincoln Highway with the extensive thoroughfare then under process of construction from the Holland tunnel to the Newark meadows, comprehending the lands in question.

The prosecutor's lands intervene between the north and south sections of this legislative scheme, and if the claim contended for were allowed, would present a practical barrier to the continuance of the road construction contemplated by the legislative enactment. The legislative intent, therefore, read in connection with the practical situation of existing road

construction at the time of the passage of the act of 1927, cannot well admit of doubt, wherein it directs that route 25 be constructetd "via the present Lincoln Highway crossing the Hackensack and Passaic rivers." This provision contains the necessary "special permission" required by the Cemetery act, but is also equivalent to a mandate to the commission to pursue such course as may be necessary for the practical and economic execution of the legislative purpose.

This construction renders it unnecessary to consider the contention in the briefs as to the extent of the power of the legislature to abridge the power of the state in the exercise of its sovereign power of eminent domain whenever and wherever the public needs demand it.

The result is that the writ of *certiorari* will be dismissed.